Rosemary M. Rivas (SBN 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIMBLE STORAGE, INC., SURESH VASUDEVAN, VARUN MEHTA, FRANK CALDERONI, JAMES J. GOETZ, WILLIAM JENKINS JR., JERRY M. KENNELLY, WILLIAM J. SCHROEDER, BOB KELLY, HEWLETT PACKARD ENTERPRISE COMPANY, AND NEBRASKA MERGER SUB, INC.,<br><br>Defendants. | Case No. 4:17-cv-01538-HSG<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER VOLUNTARILY DISMISSING ACTION AS MOOT PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) AND AGREEMENT BY PLAINTIFFS' COUNSEL TO SEEK AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES IN RELATED ACTION**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Crtrm.: 2, 4th Floor |

STIP AND [PROPOSED] ORDER VOLUNTARILY DISMISSING ACTION AS MOOT
Case No. 4:17-cv-01538-HSG

WHEREAS, on March 22, 2017, Plaintiff Paul Parshall filed the above-captioned action (the "Parshall Action");

WHEREAS, shortly thereafter, Plaintiff Dennis Huston and Plaintiff David Ettel filed substantially similar actions to the Parshall Action, styled *Dennis Huston v. Nimble Storage, Inc. et al.*, Case No. 3:17-cv-01533-JSW (the "Huston Action") and *Ettel v. Nimble Storage, Inc. et al,* Case No. 5:17-cv-01599 (the "Ettel Action") (and collectively with the Ettel Action, the "Actions");

WHEREAS, the Actions challenged the public disclosures made in connection with the proposed acquisition of Nimble Storage, Inc. ("Nimble Storage"), by Hewlett Packard Enterprise Company and its wholly-owned subsidiary, Nebraska Merger Sub, Inc., pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around March 7, 2017 (the "Transaction");

WHEREAS, the Actions asserted claims for violations of sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Nimble Storage's Solicitation/Recommendation Statement (the "Solicitation Statement") filed with the SEC on or around March 17, 2017;

WHEREAS, Defendants deny that Plaintiffs have asserted any meritorious claim, deny that the Solicitation Statement contained any misstatement or omission, and assert that no further information is required to be provided;

WHEREAS, on April 5, 2017, Nimble Storage filed an amendment to the Solicitation Statement that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement as alleged in the Actions (the "Supplemental Disclosures");

WHEREAS, Plaintiff Parshall's counsel believes they may assert a claim for a fee in connection with the prosecution of the Parshall Action and the issuance of the Supplemental Disclosures, and have informed Defendants of their intention to petition the Court for such a fee

1  if their claim cannot be resolved through negotiations between counsel for Plaintiffs in the
2  Actions and Defendants (the "Fee Application");

3  WHEREAS, for the sake of judicial economy and the convenience of all parties, Plaintiff
4  Parshall's counsel has coordinated with Plaintiff Huston's counsel and Plaintiff's Ettel's counsel,
5  and Plaintiffs' counsel in all three actions intend to file any Fee Application jointly in the Huston
6  Action;

7  WHEREAS, all of the Defendants in the Action reserve all rights, arguments and
8  defenses, including the right to oppose any potential Fee Application and the right to dispute
9  which Court should address any Fee Application;

10  WHEREAS, no class has been certified in the Actions;

11  WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly
12  or indirectly to Plaintiff Parshall or his attorneys and no promise, understanding, or agreement to
13  give any such compensation has been made, nor have the parties had any discussions concerning
14  the amount of any mootness fee application or award;

15  NOW, THEREFORE, upon consent of the parties and subject to the approval of the
16  Court:

17  IT IS HEREBY ORDERED that:

18  1. The Parshall Action is dismissed, and all claims asserted therein are dismissed
19  with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed
20  without prejudice.

21  2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a
22  putative class, notice of this dismissal is not required.

23  3. If a Fee Application becomes necessary, Plaintiff Parshall's counsel may seek a
24  fee by joining in the Fee Application to be filed in the Huston Action where the Court will retain
25  jurisdiction, as appropriate, for the Fee Application.

26  4. This Stipulation, and any Order thereon, are made without prejudice to any right,
27  position, claim or defense any party may assert with respect to the Fee Application, which

includes the Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

Dated: April 26, 2017

Respectfully submitted,

**LEVI & KORSINSKY LLP**

By: /s/Rosemary M. Rivas
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420

*Attorneys for Plaintiff*

**FENWICK & WEST LLP**

By: /s/Kevin P. Muck
Kevin P. Muck
Felix S. Lee
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300

*Attorneys for Defendant Nimble Storage Inc. and the Individual Defendants*

**WACHTELL, LIPTON, ROSEN & KATZ**

By: /s/Peter C. Hein
Peter C. Hein
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1237

*Attorneys for Hewlett Packard Enterprise Company, and Nebraska Merger Sub, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: <u>April 27, 2017</u>

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge